CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

April 30, 2026
LAURA A. AUSTIN, CLERK
BY: **/s/ Robin Bordwine**
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **Case No.** |
| **v.** | : |
| | : **Violations:**  **21 U.S.C. § 841** |
| **BRANDON LEE BOOHER** | :              **18 U.S.C. § 924(c)** |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE

1.      On or about January 19, 2026, in the Western District of Virginia, BRANDON LEE BOOHER knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

2.      All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT TWO

1.      On or about January 19, 2026, in the Western District of Virginia, BRANDON LEE BOOHER knowingly possessed a firearm, namely a Glock model 22 Gen 5 .40 caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide, as set forth in Count One).

USAO # 2025R00184

2.      All in violation of Title 18, United States Code, Section 924(c).

## NOTICE OF FORFEITURE

1.      Upon conviction of one or more of the felony offenses alleged in this

Information, the defendant(s) shall forfeit to the United States:

    a.  any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

    b.  any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

    c.  any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.      The property to be forfeited to the United States includes but is not limited

to the following property:

### Firearms and Ammunition

|     | Asset ID | Asset Description |
| --- | --- | --- |
| (1) | 26-ATF-008601 | GLOCK INC. 22GEN5 Pistol CAL:40 SN:bxmn331 |
| (2) | 26-ATF-008605 | 15 Rounds Manufacturer: UNKNOWN Ammunition CAL:40 |

3.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with a third person;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be subdivided without difficulty;

USAO # 2026R00064

it is the intent of the United States to seek forfeiture of any other property of the defendant

up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).


DATE:  4/30/2026

Danielle Stone
Assistant United States Attorney

3

USAO # 2026R00064